FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 11 2018 ★

BROOKLYN OFFICE

IRIZARRY, CH.J.

KUO, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WINSTON E. HARRIS,

                 Plaintiff,

    - against -

CITY OF NEW YORK  and  NEW YORK CITY
POLICE DEPARTMENT,

             Defendants.

-------------------------------------------------------------x

PLAINTIFFS
DEMAND TRIAL
BY JURY

COMPLAINT
FOR DAMAGES

Case No.: CV 18 - 5700

Plaintiff, appearing by his attorneys, Ragues PLLC, hereby allege against the defendants as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages sustained by a citizen of the United States against police officers of New York City Police Department, who unlawfully arrested, assaulted, prosecuted, and harassed the plaintiff.

2.    The action is against New York City Police Department, an agent of the Defendant CITY OF NEW YORK, as the employer of the police personnel  and its failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States and the Federal Tort Claims Act.

4.      The Court has subject matter jurisdiction of the action under 28 U.S.C. §§1331 and

1343(a)(3), (4).

5.      The Court may also exercise supplemental jurisdiction over the plaintiff's state law

claims that arise from the same facts and circumstances under 28 U.S.C. §1367.


## PARTIES

6.      Plaintiff is a resident of the County of Queens and at all times relevant to the allegations

of this complaint was a citizen of the United States and a resident of  Queens County.

7.      At all times relevant to this action, police officers employed by New York City Police

Department to perform duties in the City of New York and were assigned to the  105 Precinct.

8.      At all relevant times, police officers were acting as the agent, servant, and employee of

defendant City of New York.

9.      The defendant City of New York is a municipal corporation within the State of New

York and, at all relevant times, it employed police officers in this action.

10.     At all relevant times and in all their actions, these individual police officers, agents,

servants and employees of the Defendants were acting under color of law and pursuant to their

authority as police personnel.


## FACTUAL ALLEGATIONS

11.     On October 15, 2015 approximately at 10:15 pm, while Plaintiff was driving on

Springfield Blvd and making a left turn onto 111th Street, in the County of Queens and State of

New York, Police officers, employees, agents and servants of the defendant New York City Police Department, who were in a police vehicle, commended to pull over the Plaintiff's vehicle.

12.     Two additional police vans and three police vehicles joined said police vehicle owned by the Defendant and operated by other police officers.

13.     Once Plaintiff pulled over his car to the curb, he was directed to get out of his vehicle.

14.     When the Plaintiff exited his vehicle, he was thrown down onto the ground and beaten by multiple police officers.

15.     The plaintiff was then handcuffed and transported to the 105th precinct.

16.     The action described above were committed by the police officers in full view of the people.

17.     On October 15, 2015, at approximately 10:15 p.m. at the intersection of Springfield Blvd. and 111th Street in the County of Queens, City and State of New York, members of the New York City Police Department, an agent of the City of New York, falsely, negligently, wrongfully, maliciously, unjustly, unfairly and with gross negligence, physically assaulted, beat, battered and arrested the Plaintiff Winston Harris.

18.     At the time and location described above, while Plaintiff did not hit, strike or hurt any of the officers at the scene of his arrest, member(s) of New York City Police Department,  kicked, struck and beat the Plaintiff and caused Plaintiff to sustain severe and permanent injuries

19.     As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, incurred expenses, including legal fees, in connection with the defense on the charges that were lodged against him, and was other damaged.

20.     The plaintiff was also physically injured as a result of the conduct described in this complaint.

21.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the New York City Police Department, which was known to and ratified by defendants New York City Police Department and the City of New York.

22.     The aforementioned occurrence took place due to the negligence of the Defendant **THE CITY OF NEW YORK**, its agents, servants, employees and/or licensees, acting within the scope of their authority, within the scope of their employment and in the furtherance of their agency.

23.     The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the Defendants and their agents, servants, employees and/or licensees in negligently, carelessly and recklessly causing, allowing and/or permitting the Plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted and battered.

24.     No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

25.     That by reason of the foregoing, Plaintiff WINSTON HARRIS was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a result Plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

26.     As a consequence of the abuse of authority detailed above, plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

27.      The action and omissions described above, engaged in under color of state authority by the defendants deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to the Plaintiff's:

      a.      Fourth Amendment right to be free from unlawful detention, search and seizure of her person

      b.      Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

      c.      Eighth Amendment right to be free from cruel and unusual punishment.

## STATE LAW THEORIES OF RECOVERY

28.      The acts and conduct alleged above constitute actionable torts under the laws of the State of New York, including the tort of:

      a.      False arrest and imprisonment,

      b.      Assault and battery

      c.      Abuse of process

      d.      Negligence and

      e.      Gross Negligence.

## PRAYER FOR RELIEF

Plaintiff demands the following relief:

      A.      That this Court assume jurisdiction;

B.      Compensatory damages in the amount of $250,000 for disregard for Plaintiffs' safety and welfare, and the intentional and/or grossly negligent infliction of emotional distress

C.      Punitive damage in the amount of $250,000.00    for the knowing and intentional disregard for Plaintiffs' safety and welfare, and for the intentional and/or grossly negligent infliction of emotional distress

D.      Attorney's fees pursuant to 42 U.S.C. §1988.

E.      An award of Plaintiff's costs of suit.

F.      All other relief and further relief as may be proper that is appropriate under the circumstances.

Dated: October 9, 2018

Respectfully Submitted,

Raymond Ragues
RAGUES PLLC
Attorney for Plaintiff
33 West 19th Street, 4th Floor
New York, New York 10011
Tel (212) 766-1100
Email: ray@ragueslaw.com