UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WINSTON E. HARRIS,

                          Plaintiff,

-against-

CITY OF NEW YORK and NEW YORK CITY
POLICE DEPARTMENT,

                          Defendants.
----------------------------------------------------------------x

**SUMMARY & ORDER**
18-cv-5700 (DLI)(PK)

**DORA L. IRIZARRY, Chief United States District Judge:**

      Plaintiff Winston E. Harris ("Plaintiff") brings this action against the City of New York and the New York City Police Department ("NYPD" or collectively, "Defendants"), alleging that Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Before this Court is the Defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Defendants' motion is granted.

## BACKGROUND

      The Court assumes the following facts, as alleged in the Complaint, to be true for purposes of the motion to dismiss. On October 15, 2015, at about 10:15 p.m., Plaintiff was driving his vehicle in Queens, New York, and was pulled over by NYPD officers. Compl. ¶ 11. There were two NYPD vans and four sedans at the traffic stop. Compl. ¶¶ 11-12. When Plaintiff's vehicle was pulled over to the curb, NYPD officers instructed Plaintiff to exit his vehicle. Compl. ¶ 13. When Plaintiff exited the vehicle, he was "thrown down onto the ground and beaten by multiple police officers." Compl. ¶ 14. Then, Plaintiff was "handcuffed and transported to the 105th precinct." Compl. ¶ 15. Plaintiff claims that he never attacked or provoked the NYPD officers. Compl. ¶ 18. Additionally, Plaintiff claims that, as a result of the NYPD officers' actions, he

"sustain[ed] severe and permanent injuries" and "experienced humiliation, emotional distress, pain and suffering, [and] incurred expenses." Compl. ¶¶ 18-19.

On October 9, 2018, Plaintiff filed this action naming the City of New York and the NYPD as Defendants, asserting claims under 42 U.S.C. §§ 1983, 1988, and various provisions of the Constitution and state law. Compl. ¶¶ 3, 5, 27, 28. On January 2, 2019, Defendants moved to dismiss all claims. Because Plaintiff had not responded to Defendants' motion after requesting multiple extensions to oppose it, on July 24, 2019, this Court ordered Plaintiff to respond. On July 30, 2019, Plaintiff filed its response, opposing only the dismissal of the § 1983 claims and not the other theories he originally pled in the Complaint. *See*, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n"), Dkt. Entry No. 13, at 1.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "a formulaic recitation of the elements of a cause of action." *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555) (citations and internal quotation marks omitted). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor.

*LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

## II. Analysis

Title 42 U.S.C. § 1983 "provides that a person acting under color of law who subjects, or causes to be subjected any citizen of the United States to deprivation of his constitutional rights is liable to the party injured." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (internal quotation marks omitted). Here, Plaintiff seeks to hold the NYPD and the City of New York liable under § 1983, alleging that they "falsely, negligently, wrongfully, maliciously, unjustly, unfairly and with gross negligence, physically assaulted, beat, battered and arrested" him. Compl. ¶ 17; Pl.'s Opp'n. at 1.

### A. Claims Against NYPD

It is well settled that the NYPD is not a suable entity. *See*, *Maier v. N.Y. City Police Dep't.*, No. 08-CIV-5104 (ILG)(JO), 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) ("The New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity.") (internal quotation marks omitted); *See*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). Plaintiff names the NYPD as a defendant for failing "to take corrective action" as the employer of the police officers "who unlawfully arrested, assaulted, prosecuted, and harassed the plaintiff" at the traffic stop. Compl. ¶¶ 1-2. However, Plaintiff does not name or allege claims against any individual police officers from the incident. *See generally*, Compl. Even after Defendants argued in their motion to dismiss that the NYPD "may not be sued independently," Plaintiff did not amend any part of his complaint alleging misconduct of specific NYPD officers or address this issue in his opposing memorandum. *See*, Def.'s Mem. of Law, Dkt. Entry No. 8 ("Def.'s Mem.") at 5-6; *See also*, Compl; *See generally*,

3

Pl.'s Opp'n. Therefore, the claim against the NYPD is dismissed.

      **B.**    **Claims Against the City of New York**

In order to hold a municipality accountable for the alleged constitutional violations of its employees, a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Serv's*, 436 U.S. 658, 690-91 (1978)). A plaintiff does not need necessarily to point to an official agency rule that caused the deprivation of his rights, but can show that a discriminatory practice of the municipal employees is so "persistent or widespread" that it could constitute as "custom or usage with the force of law." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992). Additionally, a municipality can be liable for failing to train its employees, *See*, *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002), or if an employee with final policymaking authority allows the violation to occur. *See*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). However, it cannot be held liable "for the conduct of its employees solely on a *respondeat superior* basis." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991).

In this case, Defendants move to dismiss the claim against the City arguing that Plaintiff failed to allege any facts to support the assertion that the unlawful arrest was the result of an official policy or custom. The Court agrees. In his complaint, Plaintiff does not plead any existing city policy or examples of widespread police practice that may permit the inference that the unlawful conduct is allowed. He only provides bare conclusory statements in his Complaint and Opposition Memorandum. First, Plaintiff alleges, without any corroborating evidence, that "[t]he abuse to which plaintiff was subjected was consistent with an institutionalized practice of the New York City Police Department, which was known to and ratified by" Defendants. Compl. ¶ 21. However,

it is unclear what this alleged "institutionalized practice" is or whether there are other examples similar to the allegations. Second, Plaintiff argues, for the first time in his Opposition Memorandum, that the "municipality is liable . . . because they [sic] failed to properly train their [sic] employees and effectively radified [sic] their [sic]conduct." Pl.'s Opp'n. at 4. Plaintiff, again, does not provide any facts to support this allegation. Simply, there is not enough factual material plead in the Complaint for the Court to infer that the unlawful arrest was the result of anything other than the individual acts of the police officers at the scene. At best, Plaintiff, *arguendo*, makes a case under the *respondeat superior* theory when it alleges that the unlawful arrest took place due to the City's negligence. *See*, Compl. ¶ 22. As noted above, the City of New York cannot be held liable solely on this basis. *See*, *Ricciuti*, 951 F.2d at 122. Since "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*," Plaintiff's claim against the City is dismissed. *See, City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *See also*, *City of Canton v. Harris,* 489 U.S. 378, 387, (1989) (stating that a single incident of actors below the policy-making level would not automatically make the city liable under § 1983).

## CONCLUSION

For the reasons set forth above, Defendant's motion is granted, and the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2019

/s/
DORA L. IRIZARRY
Chief Judge
